**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Reginald Phillip ARTIAGA,
Defendant—Appellant.**

No. 04–50525.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided Oct. 31, 2005.

Beong–Soo Kim, USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Davina Chen, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant—Appellant.

Before: TASHIMA and FISHER, Circuit Judges, and SHADUR, District Judge.*

## MEMORANDUM **

Reginald Phillip Artiaga appeals the district court's denial of his motion to suppress evidence seized in violation of the Fourth Amendment and his motion to dismiss for lack of subject matter jurisdiction. Because the parties are familiar with the facts, we do not recite them in detail. We affirm.

■ The district court did not err in denying Artiaga's motion to suppress because the court was not clearly erroneous in its findings that the officers were credible, that they had reasonable suspicion to stop Artiaga's car and that Artiaga's handgun was in plain view. The photographs Artiaga submitted to prove that the handgun could not have been seen as the officers described it were inconclusive. Accordingly, the warrantless search and seizure did not violate the Fourth Amendment.

■ The court had subject matter jurisdiction under 18 U.S.C. § 922(g)(1) because Artiaga's handgun, which was manufactured in Germany and imported into Virginia before reaching California, had the requisite nexus with interstate commerce. *See United States v. Gonzales,* 307 F.3d 906, 914 (9th Cir.2002); *cf. Gonzales v. Raich,* — U.S. ——, ——, 125 S.Ct. 2195, 2205, 162 L.Ed.2d 1 (2005) (Congress' power to regulate purely local activities that are part of an economic class of

activities that have a substantial effect on interstate commerce is firmly established).

AFFIRMED.

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.